UNITED STATES v. ACKER, MERRALL & CONDIT (two cases).

UNITED STATES v. HOLTZ & FREYSTEDT.

(Circuit Court, S. D. New York. October 28, 1904.)

Nos. 3,571, 3,581, 3,602.

1. CUSTOMS DUTIES—STORAGE OF MERCHANDISE DETAINED BY GOVERNMENT.
    The expense for storage of imported merchandise during its detention by order of the Secretary of the Treasury, pending an inspection and analysis by the Department of Agriculture, under the provisions of the so-called "Pure Food Law" of March 3, 1903, c. 1008, 32 Stat. 1157 [U. S. Comp. St. Supp. 1903, p. 373], should be borne by the government, and not the importer.

On Application for Review of Decisions of the Board of General Appraisers.

These proceedings were instituted by the United States, and the decisions in question cover merchandise imported at the port of New York by Acker, Merrall & Condit and Holtz & Freystedt. The questions at issue appear from the opinion (per Hay, General Appraiser) filed by the board in one of the cases in controversy, as follows (G. A. 5,689, T. D. 25,331):

"This protest raises the question as to the legality of a charge for storage, imposed by the collector upon an importer, upon certain wine detained by order of the Secretary of the Treasury until the purity of the wine could be established by the Department of Agriculture under the provisions of the act of March 3, 1903, c. 1008, 32 Stat. 1157 [U. S. Comp. St. Supp. 1903, p. 373]. This act is one of the regular appropriation bills, and the item in question is that which makes an appropriation for the Bureau of Chemistry of the Department of Agriculture. The appropriation is for the sum of $85,300. Among the other items stated in the act, for which this appropriation is to provide, is the following:

" 'To investigate the adulteration of food, drugs, and liquors, when deemed by the Secretary of Agriculture advisable; and the Secretary of Agriculture, whenever he has reason to believe that articles are being imported from foreign countries which by reason of such adulteration are dangerous to the health of the people of the United States, or which are forbidden to be sold or restricted in sale in the countries in which they are made or from which they are exported, or which shall be falsely labeled in any respect in regard to the place of manufacture of the contents of the package, shall make a request upon the Secretary of the Treasury for samples from original packages of such articles for inspection and analysis; and the Secretary of the Treasury

is hereby authorized to open such original packages and deliver specimens to the Secretary of Agriculture for the purpose mentioned, giving notice to the owner or consignee of such articles, who may be present and have the right to introduce testimony; and the Secretary of the Treasury shall refuse delivery to the consignee of any such goods which the Secretary of Agriculture reports to him to have been inspected and analyzed and found dangerous to health, or which are forbidden to be sold or restricted in sale in the countries in which they are made or from which they are imported, or which shall be falsely labeled in any respect in regard to the place of manufacture or the contents of the package.'

"Under this statute the wine in question was detained for examination, and the charge herein disputed is that for storage of the wine pending this examination. We are furnished with a copy of the letter from the Assistant Secretary of the Treasury in which the collector is directed to impose this charge. But our attention has not been called to any statute authorizing the same, and we know of none: nor are we familiar with any principle of law, relative to customs administration, upon which the right to impose this charge could be placed, and the government officers have not directed our attention to any.

"Undoubtedly, under the police power of the federal government, all merchandise brought in from other ports may be detained for such examination as is necessary to guard the public health, welfare, and safety, and we are not prepared to say that the expense of this examination might not be imposed upon the importer. But this, like the examination itself, must be under express provision of statute. We know of no general provision of the law which would authorize the imposition of the expense of this charge upon the importer; and the specific provision quoted above, under which this examination is made, being, as it is, one of several items for which there is a specific appropriation, would leave at least a reasonable inference that the purpose and intention of Congress were that all expense in connection with the examination therein provided for should be borne by the government. But whether this be true or not, we cannot see that it in any way differs from the ordinary administration of a public law, the expense of which is uniformly borne by the government, unless there is express provision for imposing this expense upon some party in interest.

"For the reasons herein given, the protest is sustained, and the collector is directed to reliquidate the entry accordingly."

Henry A. Wise, Asst. U. S. Atty.
Edward Hartley, for Acker, Merrall & Condit.
Comstock & Washburn, for Holtz & Freystedt.

HAZEL, District Judge. Judgment affirmed, on the decisions of the Board of General Appraisers.